UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE SPARCK, #298827,

        Petitioner,

                                                                               CASE NO. 2:10-CV-10439
v.                                                        HONORABLE VICTORIA A. ROBERTS

PAUL KLEE,

        Respondent.
                                               /

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Jamie Sparck ("Petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded no contest to extortion, MICH. COMP. LAWS § 750.213, unlawful possession of a harmful device, MICH. COMP. LAWS § 750.200j(1)(A), and to being a second habitual offender, MICH. COMP. LAWS § 769.10, in the Saginaw County Circuit Court and was sentenced to concurrent terms of 7 years 3 months to 30 years imprisonment and 2 years to 7½ years imprisonment in 2008. In his pleadings, Petitioner challenges the scoring of his sentencing guidelines, claiming that defense counsel was ineffective for failing to object to the scoring of three offense variables. For the reasons stated, the Court concludes that the petition lacks merit and shall be denied. The Court also concludes that a certificate of appealability and leave to proceed *in forma pauperis* on appeal shall be denied.

1

## II.     Facts and Procedural History

On February 29, 2008, Petitioner pleaded no contest to extortion and unlawful possession of a harmful device and agreed that he was a second habitual offender in exchange for the dismissal of other charges and an agreement that he would be sentenced at the low end of the guidelines and any sentence would be consecutive to his parole sentence. Petitioner's convictions arise from an incident at his father's home in St. Charles Township, Michigan on March 3, 2007. It appears that Petitioner crashed a vehicle or created some other disturbance which garnered police attention. Two police officers went to his father's house to investigate. Petitioner's father let the officers into the house. Petitioner ran upstairs and threatened to push the officers down the stairs. He also threatened to blow up the house, with his father and two police officers inside, while armed with a tear gas grenade-type canister. He also appears to have called someone to bring him guns so that he could shoot at the police. Once Petitioner was disarmed and subdued, bomb squad technicians discovered that the tear gas canister had been previously detonated, but still contained residue which made their eyes water and their noses run.

On April 10, 2008, the trial court sentenced Petitioner as a second habitual offender to 7 years 3 months to 30 years imprisonment on the extortion conviction and a concurrent term of 2 years to 7½ years imprisonment on the unlawful device conviction. Petitioner's sentencing guidelines were calculated to be 87 months to 181 months for a second habitual offender on the highest charge. That calculation included an offense variable (OV) score of 65 and a prior record variable (PRV) score of 70. On October 15, 2008, the parties agreed to a PRV correction, which reduced the PRV score to 65 but did not change the sentencing guidelines.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the

Michigan Court of Appeals asserting that: (1) the trial court violated his due process rights by using the wrong sentencing guideline range and trial counsel was ineffective for failing to object; (2) he was entitled to jail credit because the parole board did not impose additional time for a parole violation; and (3) he was entitled to re-sentencing because the trial court enhanced his sentence based on facts neither admitted by him nor proven to a jury. The court denied leave to appeal for lack of merit in the grounds presented. *People v. Sparck*, No. 289638 (Mich. Ct. App. Feb. 11, 2009) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Sparck*, 485 Mich. 890, 772 N.W.2d 400 (2009).

Petitioner thereafter filed the instant habeas petition asserting that defense counsel was ineffective for failing to object to the scoring of three offense variables of the state sentencing guidelines. Respondent has filed an answer to the petition contending that it should be denied for lack of merit. Petitioner has filed a reply to that answer.

### III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed this petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable

>    determination of the facts in light of the evidence presented in the
>    State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is 'contrary to' clearly established law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). The 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to "'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of a petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a

strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, _ U.S. _, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing

the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.     Discussion**

Petitioner asserts that he is entitled to habeas relief because defense counsel was ineffective for failing to object to the scoring of OV 1 (aggravated use of a weapon) at 20 points, OV2 (lethal potential of the weapon) at 15 points, and OV 9 (number of victims) at 10 points. Respondent contends that this claim lacks merit.

As an initial matter, the Court notes that claims which arise out of a state court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner makes no such showing. Moreover, Petitioner cannot prevail on any claim that the trial court erred in scoring the disputed offense variables. Such a claim is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v.*

6

*Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived state law errors. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner, however, brings his sentencing claims into the realm of federal habeas review by asserting that trial counsel was ineffective for failing to challenge the scoring of OV 1, OV 2, and OV 9 of the state sentencing guidelines. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair proceeding. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

7

would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (citing *Strickland*, 466 U.S. at 686).

The Supreme Court has recently confirmed that a federal court's consideration of an ineffective assistance of counsel claim arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id*. at 788.

In this case, the Michigan Court of Appeals denied Petitioner leave to appeal on his claims "for lack of merit in the grounds presented." The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1] Petitioner has not established that defense counsel was deficient and/or that he was prejudiced by counsel's conduct under *Strickland*.

First, defense counsel may have reasonably determined that objections to the scoring of the disputed offense variables would be futile because there was some evidence in the record to support the scoring of those variables. OV 1 (aggravated use of a weapon) is scored at 20 points when the victim "was subjected or exposed to a harmful biological substance, harmful biological device,

---

[1]The Court would reach the same result under a *de novo* standard of review.

8

harmful chemical substance, harmful chemical device, harmful radioactive material, harmful radioactive device, incendiary device, or explosive device." MICH. COMP. LAWS § 777.31(1)(b). The statute does not directly define "harmful chemical substance" or "harmful chemical device," but references the definitions in MICH. COMP. LAWS § 750.200h. That statute defines a "harmful chemical device" as "a device that is designed or intended to release a harmful chemical substance" and defines a "harmful chemical substance" as a "solid, liquid, or gas that through its chemical or physical properties, alone or in combination with 1 or more other chemical substances, can be used to cause death, injury, or disease in humans, animals, or plants." MICH. COMP. LAWS § 750.200h(h), (i). OV 1 is scored at five points if a weapon is "displayed or implied." MICH. COMP. LAWS § 777.31(1)(e). OV 1 is also scored at five points if an offender "used an object to suggest the presence of a weapon," MICH. COMP. LAWS § 777.31(2)(c), or if an offender "used a chemical irritant, chemical irritant device, smoke device, or imitation harmful substance or device." MICH. COMP. LAWS § 777.31(2)(d). The statute requires a court to assign the highest number of points if more than one factor can be applied. MICH. COMP. LAWS § 777.31(1). The statute also provides that each person who was placed in danger of injury or loss of life counts as a victim. MICH. COMP. LAWS § 777.31(2)(a).

The record indicates that Petitioner possessed a tear gas canister that, while previously detonated, still contained harmful tear gas residue. Tear gas has been considered a dangerous weapon under state law. *See People v. Norris*, 236 Mich. App. 411, 416-19, 600 N.W.2d 658 (1999). Thus, based upon the plain language of the statute, a legitimate argument can be made that OV 1 was properly scored at 20 points under subsection (1)(b). At the very least, defense counsel

9

could reasonably believe that such was the case.[2] Moreover, even if OV 1 was improperly scored at 20 points instead of five points such that counsel erred by failing to object, Petitioner cannot establish that he was prejudiced by counsel's conduct. Reducing Petitioner's OV score from 65 to 50 does not change his sentencing grid or his minimum sentencing range under the guidelines. *See* Sentencing Grid for Class B Offenses, http://courts.michigan.gov/mji/resources/sentencing-guidelines/2010%20manual/grids_comprehensive2010.pdf.

OV 2 (lethal potential of weapon), is scored at 15 points when the offender "possessed or used a harmful biological substance, harmful biological device, harmful chemical substance, harmful chemical device, harmful radioactive material, or harmful radioactive device." MICH. COMP. LAWS § 777.32. The record indicates that Petitioner possessed a tear gas canister which contained some amount of harmful tear gas. Consequently, OV 2 was properly scored at 15 points and/or counsel could reasonably believe that such scoring was appropriate.

OV 9 (number of victims), is scored at 10 points when two to nine people are placed in danger of physical injury or death. MICH. COMP. LAWS § 777.39(1)(c). The record indicates that Petitioner's father and at least two police officers were threatened with physical injury or death during the incident and that additional officers or bomb squad technicians handled the tear gas canister to dispose of it. Thus, OV 9 was properly scored at 10 points such that any objection by counsel would have been futile. Counsel cannot be deemed ineffective for failing to make a futile

---

[2]It is also possible that OV 1 was properly scored at 20 points under subsection 1(e), (2)(c) or 2(d) given the number of victims exposed to the tear gas canister. The statute requires that each victim who is placed in danger be counted and "does not contain an exception for police officers or other professionals who, by necessity, must dispose of the dangerous substances." *People v. Rutherford*, No. 255454, 2005 WL 3050644, *1 (Mich. Ct. App. Nov. 15, 2005) (unpublished); *cf. People v. Parker*, No. 288988, 2010 WL 1565538, *4-5 (Mich. Ct. App. April 20, 2010) (unpublished) (indicating that the Michigan appellate courts have not clearly addressed the cumulation of points under OV 1).

objection. *See McQueen*, 99 F.3d at 1316. At a minimum, counsel could have reasonably determined that such scoring was justified under state law.

Second, defense counsel may have decided not to object to the scoring of the disputed offense variables for strategic reasons. The record indicates that, following discussions with defense counsel, the prosecutor agreed to score OV 13 at 10 points rather than 25 points, which lowered Petitioner's minimum sentencing guideline range. As noted by Respondent, counsel may have reasonably decided not to contest other variables at sentencing in order obtain that agreement and/or to avoid drawing attention to other scoring decisions which could have been revised to Petitioner's detriment. The record also shows that defense counsel advocated for a sentence at the low end of the guidelines due to Petitioner's mental health issues and requested sentencing credit for the year Petitioner spent in jail pending a parole violation. Considering the record as a whole and defense counsel's conduct during the plea and sentencing process, the Court finds that Petitioner has failed to show that counsel's performance was constitutionally deficient.

Moreover, even if counsel erred, Petitioner cannot demonstrate that he was prejudiced by counsel's conduct given that the state trial court approved the scoring of the sentencing guidelines and the state appellate courts denied leave to appeal on those issues. In fact, even if the disputed offense variables were scored as desired by Petitioner, his minimum sentence range would be 78 to 162 months. Petitioner's current minimum sentence of 87 months is within the low end of that guideline range. Petitioner has offered no evidence indicating that the state trial judge would have been inclined to impose a lesser sentence or that the Michigan appellate courts would have reversed his sentence. He has thus failed to establish that he was prejudiced by counsel's conduct. *See Spencer v. Booker*, 254 F. App'x 520, 525–26 (6th Cir. 2007); *see also Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004) (stating that if "one is left with pure speculation on whether the outcome

of . . . the penalty phase could have been any different," there has been an insufficient showing of prejudice). Petitioner has not shown that counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted.

Finally, the Court notes that Petitioner is not entitled to relief on any claim that he was sentenced based upon inaccurate information. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, a petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. The state trial court considered the crime, the pre-sentence report, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports and the scoring of the guidelines. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is not warranted.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief and that the petition for a writ of habeas corpus must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold

is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim. *Id*. at 336-37.

Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. Additionally, the Court concludes that Petitioner is not entitled to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 5, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record and Jamie Sparck by electronic means or U.S. Mail on May 5, 2011.

s/Carol A. Pinegar
Deputy Clerk